# UNITED STATES BANKRUPTCY COURT
# IN THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re    Johnson D. Koola | |
| Debtor | Case No. 18-01373-jw |
| Address    1587 Cambridge Lakes Drive | |
| Mount Pleasant, South Carolina 29464 | |
| Last four digits of Social-Security Number:    8113 | Chapter 13 |
| Employer's Tax Identification No.:    N/A | |

## AMENDED NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):

    Johnson D. Koola

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary Proceeding
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe)

   For appeals in a bankruptcy case and not in an adversary proceeding
   ☒ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe)

1

**Part 2: Identify the subject of this appeal**

Describe the judgment, order, or decree appealed from:

i. **Final Order**, "ORDER DENYING CONFIRMATION", filed on January 30, 2019

ii. **Final Order,** "ORDER DISMISSING CASE" filed on February 13, 2019 replacing the oral Order from January 31, 2019 Hearing

iii. **Final Order,** "ORDER OVERRULING SECOND OBJECTION TO MORTGAGE LOAN PROOF OF CLAIM AND DENYING DEBTOR'S MOTION TO DISALLOW CLAIM" filed on February 13, 2019 replacing the oral Order from January 31, 2019

iv. **Interlocutory Order**, "Amended Order", filed on January 15, 2019

v. **Interlocutory Order**, "Order on Motion for a New Trial" filed on January 15, 2019.

In the Notice of Appeal filed on February 11, 2019, appellant informed the Court that he would file an **amended Notice of Appeal** upon filing of the final written Orders affirming the two January 31, 2019 oral Orders.

**Notice of Intent to Appeal the two January 15, 2019 Interlocutory Orders** was filed on January 26, 2019.

Continued on next page

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Ditech Financial LLC          Attorney: Jason D. Wyman
                                                   Rogers Townsend & Thomas, PC
                                                   Post Office Box 100200
                                                   Columbia, SC 29202
                                                   Tel: (803) 744-4444

2. Party: U.S. Bank Trust as Trustee    Attorney: Brian A. Calub
   For LSF 10 Master                              McGuire Woods LLP
   Participation Trust                            201 North Tryon St, Suite 3000
                                                   Charlotte, NC 28202-2146
                                                   Tel: (704) 343-2009

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

Not applicable

## Part 5: Sign below

_/s/ J.D. Koola_                                    Date:    February 14, 2019

Signature of appellant, *pro se*,
not represented by attorney

Johnson D. Koola
1587 Cambridge Lakes Dr
Mt Pleasant, SC 29464
(843) 849-9241

3

**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **18-01373-jw**

### ORDER DISMISSING CASE

The relief set forth on the following pages, for a total of 10 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**02/13/2019**



US Bankruptcy Judge
District of South Carolina

Entered: 02/13/2019

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Johnson D. Koola,<br><br>Debtor(s). | C/A No. 18-01373-JW<br><br>Chapter 13<br><br>**ORDER DISMISSING CASE** |

This matter comes before the Court upon the consideration of dismissal of the chapter 13 bankruptcy case filed by Johnson D. Koola ("Debtor"). After notice of the issue was provided at a hearing held on January 17, 2019 and by a court order entered on January 17, 2019, Debtor filed an Objection to Dismissal and Abstention on January 28, 2019. Thereafter, the Court held a hearing on the matter attended by Debtor, the Chapter 13 Trustee, and counsel for U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust ("U.S. Bank"). The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

## **FINDINGS OF FACT**

The Court incorporates its prior recitation of facts and relevant conclusions of law for this case as stated in the Court's Order entered on September 28, 2018 and as amended on January 15, 2019, the Order on Motion for New Trial entered on January 15, 2019, and the Order Denying Confirmation entered on January 30, 2019. For the purposes of this Order, the Court makes the following additional findings of fact:

---

[1] To the extent the following findings of fact are conclusions of law, they are adopted as such, and to the extent the following conclusion of law are findings of fact, they are so adopted.

1.      Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on March 20, 2018.

2.      Throughout this case, there has been significant litigation between Debtor, Ditech Financial, LLC ("Ditech") and U.S. Bank regarding the first mortgage secured claim filed by Ditech on Debtor's principal residence. On September 28, 2018, the Court entered an Order, which overruled Debtor's objection to the proof of claim filed by Ditech, including the finding that Ditech, as servicer for the owner of the mortgage loan, Federal National Mortgage Association ("Fannie Mae"), had standing to file a proof of claim in Debtor's case. This Order was amended on January 15, 2019. At some point after the September 28, 2018 Order, a transfer of claim was filed indicating that the claim, including ownership of the loan, was transferred to U.S. Bank.

3.      On March 20, 2018, Debtor filed a chapter 13 plan, which was subsequently amended on April 23, 2018. On November 2, 2018 the Court denied confirmation of the plan filed on April 23, 2018 and permitted Debtor to file an amended plan no later than November 19, 2018. On November 19, 2018, Debtor filed a second amended plan ("Third Proposed Plan").

4.      At a hearing held on January 17, 2019, the Court denied confirmation of Debtor's Third Proposed Plan filed on November 19, 2018 by oral ruling, which was memorialized by the Court's Order Denying Confirmation entered on January 30, 2019. After the Court denied confirmation, which included a finding that it appeared that Debtor had insufficient income to propose a feasible plan that complied with the requirements of 11 U.S.C. § 1325,[2] Debtor did not request to amend the proposed chapter 13 plan or indicate any change in circumstances or intentions for a future proposed plan.

---

[2]    Further references to the Bankruptcy Code (11 U.S.C. § 101, et al.) shall be by section number only.

2

5.      Upon the denial of confirmation at the hearing on January 17, 2019 and further by a written Order Providing Notice entered that same day, the Court indicated and provided notice to Debtor (and his creditors) that it would consider dismissal of Debtor's case pursuant to § 1307(c)(5) as well as consider abstention pursuant to § 305 at a hearing on January 31, 2019.

### CONCLUSIONS OF LAW

### Dismissal Under § 1307(c)(5)

Section 1307(c)(5) provides that:

> [A]fter notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of [the Bankruptcy Code], or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including . . . denial of confirmation of a plan under section 1325 of [the Bankruptcy Code] and denial of a request made for additional time for filing another plan or a modification of a plan . . . .

In the present matter, Debtor's chapter 13 case has been pending for nearly one year, and it appears Debtor has no prospect of confirming a chapter 13 plan based on his intention to retain his residence secured by the mortgage loan (represented by the allowed claim of objecting creditor U.S. Bank). During this case, Debtor has proposed three chapter 13 plans; however, none were confirmed. The most recent proposed plan, filed on November 19, 2018, was denied confirmation on several grounds under § 1325(a)(5) including the plan's lack of feasibility and its inclusion of an impermissible modification of U.S. Bank's claim on Debtor's principal residence, as better described in the Court's Order Denying Confirmation entered on January 30, 2019. Based on Debtor's present limited income and prospects for future income,[3] it does not appear Debtor can afford to propose a plan that would meet the requirements of § 1322(b)(2) and (5) and permit him

---

[3]     As indicated in the proposed plan filed on November 19, 2018, Debtor asserts that he can afford to pay $738.00 per month to his creditors. Of this amount, $313 per month would be paid to his homeowners' association for post-petition monthly dues, leaving $425 a month to be paid on this mortgage loan. This amount is well less than the monthly payment amount of ongoing payments under the mortgage loan ($842.71), and also lower than the amount of interest that accrues each month on the mortgage debt.

3

to retain his residence while properly treating U.S. Bank's allowed claim under the Bankruptcy Code.

Neither at the confirmation hearing nor at the January 31, 2019 hearing did Debtor request additional time to file another proposed plan.[4] Debtor has not expressed a change of circumstances or an intention to modify the proposed treatment of U.S. Bank's secured claim to comply with the requirements of the Bankruptcy Code; therefore, it appears Debtor does not intend to and cannot propose a further chapter 13 plan that would be confirmable. Considering the significant amount of time that this case has been pending, the apparent inability of Debtor to propose a confirmable chapter 13 plan, and the likely possibility of further delay and prejudice to Debtor's creditors,[5] any request for additional time to file another plan would be a futile act and should be denied by this Court. See Keith's Tree Farms v. Grayson Nat'l Bank, 535 B.R. 647, 653 (W.D. Va. 2015) ("'Bankruptcy courts are given a great deal of discretion to say when enough is enough' when it comes to granting or denying the opportunity to amend reorganization plans." (quoting Matter of Woodbrook Assocs., 19 F.3d 312, 322 (7th Cir. 1994)); In re Colston, 539 B.R. 738 (Bankr. W.D. Va. 2015) (finding dismissal under § 1307(c)(5) was appropriate when the debtor did not formally request additional time to amend because amending the plan would be a "useless" act); In re Marett, C/A No. 96-75003-W, 1996 WL 33340790 at *13 (Bankr. D.S.C. Nov. 13, 1996) (finding

---

[4] At the hearing held on January 31, 2019, Debtor did not indicate a desire to file a further amended chapter 13 plan to comply with the requirements of the Bankruptcy Code; rather he only contested the Court's prior denial of confirmation, raising the same arguments that he presented at the confirmation hearing held on January 17, 2019.

[5] The Court also finds that dismissal is appropriate under § 1307(c)(1) due to unreasonable delay by Debtor that is prejudicial to his creditors. It appears to the Court that Debtor has no intention of filing an amended plan that is in compliance with the requirements of the Bankruptcy Code and confirmable under § 1325(a)(5). See Paulson v. Wein (In re Paulson), 477 B.R. 740 (8th Cir. B.A.P. 2012) (upholding a dismissal pursuant to § 1307(c)(1) when the debtor refused to properly treat two secured creditors in the chapter 13 plan under the requirements of the Code and it did not appear a plan was feasible if the debtor amended the plan to be in compliance with the Code).

4

dismissal under § 1307(c)(5) was appropriate "when no plan which the debtor could propose would be feasible").[6]

Based on the above reasons, the Court finds dismissal of Debtor's case for cause pursuant to § 1307(c) is appropriate. At the conclusion of the hearing on these matters, Debtor indicated an intention to appeal and appeared to request a stay of the dismissal of his case until the completion of his appeals of the Court's orders. While Debtor has the right to appeal this Court's orders, the Court is not inclined to stay the dismissal of his case at this time.[7]

### Abstention under § 305

While it is clear that dismissal is appropriate under § 1307(c), it appears dismissal is also appropriate under the abstention provisions of § 305. Section 305 provides that "[t]he court, after notice and a hearing, may dismiss a case under [the Bankruptcy Code], or may suspend all proceedings in a case under [the Bankruptcy Code], at any time if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension . . . ." "Section 305 of the Bankruptcy Code grants significant discretion to the bankruptcy courts to decline to exercise jurisdiction over a case filed under Title 11, even when jurisdiction is otherwise appropriate." In re Gunn, C/A No. 13-2271-JCO, 2017 WL 3172750 at *5 (Bankr. S.D. Ala. July 25, 2017); see

---

[6] Further, despite seldom offering proof to support his allegations, Debtor has heavily litigated nearly all matters involving the mortgage loan claim presently owned by U.S. Bank and repeatedly raised many of the same arguments even after the Court has ruled upon them. The Court has made significant efforts to consider all of Debtor's arguments, but the Court is now convinced Debtor will not be satisfied unless this Court's Orders are reversed on appeal.

[7] To the extent that Debtor was seeking an ex parte stay of all proceedings pending his appeal pursuant to Fed. R. Bankr. P. 8007, the Court denies that request. "The requested stay [pending an appeal] is an extraordinary remedy and the movant's burden is consequently quite profound." In re James F. Humphreys & Associates, L.C., 558 B.R. 764, 766 (Bankr. S.D.W.V. 2016). Debtor has not demonstrated to this Court a likelihood of success on appeal, nor has he demonstrated that the denial of the stay will prejudice him. The Court notes that it appears the state court has not yet held a trial in the foreclosure action; therefore, it does not appear that there is any immediate threat that his residence would be sold at foreclosure pending the appeal. Further, to grant a stay would create further prejudice to Debtor's creditors.

also In re Remember Enters., Inc., 425 B.R. 757, 761 (Bankr. M.D.N.C. 2010) ("Abstention under section 305 is a matter within a bankruptcy court's discretion.").

In making determinations under § 305, bankruptcy courts generally review a number of factors including, "fairness, priorities in distribution, capacity for dealing with frauds and preferences, speed, economy, freedom from litigation, the importance of a discharge to the debtor, a pending state proceeding, the small number of remaining creditors, the necessary complexity of the bankruptcy process, efficiency, and economy of administration." In re Golf Course Mktg. Corp., C/A No. 95-76646-W, 1996 WL 33340787 at *4 (Bankr. D.S.C. June 16, 1996); see also In re Remember Enters., 425 B.R. at 761 (citing the same factors). Courts also consider additional factors including: "the absence of bankruptcy purposes, . . . whether this is a two-party dispute, ... the availability of another case or forum to protect the interests of the parties, alternative means of achieving equitable distributions of assets, and the purpose for which bankruptcy jurisdiction has been sought." In re Pennino, 291 B.R. 842, 844 (Bankr. W.D. Ark. 2003). The Court considers these factors as they apply to the present matter:

**Lack of Bankruptcy Purpose:** "A central purpose of the [Bankruptcy] Code is to provide a procedure by which . . . debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" Grogan v. Garner, 498 U.S. 279, 286, 111 S. Ct. 654, 659 (1991) (quoting Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S. Ct. 695, 699 (1934)). In the present matter, it appears that there is no longer a necessary or true bankruptcy purpose for this case. Specifically, the case is futile because there is no effective way for Debtor to reorganize. As previously indicated, the Bankruptcy Code prohibits Debtor from proposing a plan modifying U.S. Bank's secured claim on his principal residence pursuant to § 1322(c)(2), and it does not appear

6

that Debtor can feasibly satisfy the requirements of the cure and maintain provisions of § 1322(b)(5). Debtor has expressed no intention of surrendering his residence, providing for its present sale, or converting the case to chapter 7. In other words, Debtor, through this case, does not have a reasonable prospect of reorganization.

**Pending State Proceedings:** Bankruptcy Courts have abstained under § 305 when parties are involved in lengthy civil litigation and the outcome of that litigation could substantially bear on the debtor's ability to confirm a plan of reorganization. See, e.g., In re Duratech, Inds., 241 B.R. 283 (E.D.N.Y. 1999) (upholding a bankruptcy court's decision to abstain from administrating a bankruptcy case due to pending civil litigation that may affect the administration of the case pursuant to §§ 105 and 305). The present case has been predominately focused on issues related to Debtor's challenges of the first mortgage loan on his principal residence. After significant litigation, the first mortgage claim has been allowed. There is a longstanding foreclosure action pending in the state court involving the mortgage loan, which addresses any liens on Debtor's residence, and where all of the issues raised by Debtor, including his request to reconsider his counterclaims in the foreclosure action, could be presented and determined. State law governs the issues regarding the mortgage loan and other liens, and the Court believes that the state court is the best and likely most efficient forum to further determine Debtor's arguments regarding those issues. In that way, the state court provides an alternative forum for dispute resolution and distribution to creditors.

**Two-Party Dispute:** Abstention under § 305 is also favored when the bankruptcy case is primarily a dispute between two parties. See, e.g., In re Long Bay Dunes Homeowners Ass'n, Inc., 246 B.R. 801 (Bankr. D.S.C. 1999) (finding dismissal under § 305 is appropriate when the issues in the bankruptcy case "appear to be primarily between two parties with a long history of litigation in the

7

state court"). As this Court's record indicates, at this point Debtor's bankruptcy case has become primarily a two-party dispute between Debtor and the secured creditor of the mortgage loan (first Ditech, and now U.S. Bank), the same parties that will be involved in the state court foreclosure action.

**Small Number of Creditors:** Abstention under § 305 may also be favored if the debtor has totally a small number of creditors. In the present matter, Debtor had at the beginning of the case very few creditors, most of which appear to have abandoned collection efforts in fear of long, drawn out, and expensive litigation with Debtor.[8]

**Efficiency and Economy:** Both efficiency and economy in the administration of the estate suggest that abstention under § 305 is appropriate in the present matter because prolonging Debtor's bankruptcy case would simply increase costs and cause delay.

**Benefit to Debtor:** While Debtor has benefitted for nearly a year from the automatic stay, it is unfair and prejudicial to Debtor's creditors for the automatic stay to remain in effect when it does not appear Debtor can successfully reorganize. To permit the automatic stay and Debtor's bankruptcy case to continue under such circumstances would be counter to the overarching goals of bankruptcy. Further, while Debtor argues that abstention is not in his best interest because he does not want to return to state court and lose the protection of the automatic stay, in this Court's view, Debtor benefits by the state court's expertise and consideration of his primary arguments that, under applicable state law, the first mortgage creditor has no standing to collect or foreclose against him. Congress did not intend that a debtor who is not paying his creditors and cannot

---

[8] Most of Debtor's creditors have failed to file proofs of claim or have withdrawn their claims and have failed to file or prosecute objections to Debtor's proposed plans, which seek to avoid those creditors' liens or pay nothing towards their claims.

Case 18-01373-jw    Doc 222    Filed 02/20/19    Entered 02/21/19 15:17:04    Desc Main
Document      Page 13 of 19

propose a chapter 13 plan that is confirmable and feasible benefit from the automatic stay indefinitely.

**Fairness:** In the present matter, the continuation of Debtor's bankruptcy case and the automatic stay when it appears Debtor cannot effectively reorganize would be inequitable to Debtor's creditors as it would cause unnecessary delay and prejudice them. Therefore, in the present matter, fairness favors abstention under § 305.

**Importance of Discharge:** Debtor has previously received a chapter 7 discharge of his primary debts in a prior case.

Therefore, considering these factors, it does not appear that continuing the bankruptcy case would be beneficial to Debtor or his creditors. For these reasons, the Court finds that dismissal pursuant to § 305 is also appropriate.

## CONCLUSION

For these reasons, the Court hereby dismisses Debtor's case without prejudice.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
February 13, 2019

**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **18-01373-jw**

## ORDER OVERRULING SECOND OBJECTION TO MORTGAGE LOAN PROOF OF CLAIM AND DENYING DEBTOR'S MOTION TO DISALLOW CLAIM

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**02/13/2019**



*/s/ John E. Waites*
US Bankruptcy Judge
District of South Carolina

Entered: 02/13/2019

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>**Johnson D. Koola**<br><br>Debtor. | Chapter 13 Case No. 18-01373-JW |

### ORDER OVERRULING SECOND OBJECTION TO MORTGAGE LOAN PROOF OF CLAIM AND DENYING DEBTOR'S MOTION TO DISALLOW CLAIM

This matter comes before the Court upon Debtor's *Second Objection to Mortgage Claim* (ECF No. 182) and *Motion to Disallow Mortgage Claim* (ECF No. 183) held by U.S. Bank Trust, N.A., as Trustee for the LSF10 Master Participation Trust ("U.S. Bank"). For the foregoing reasons, the *Second Objection to Mortgage Claim* is overruled, and the *Motion to Disallow Mortgage* is denied.

### BACKGROUND

Debtor's *Second Objection to Mortgage Claim* is his third attempt to disallow the mortgage proof of claim filed in his Chapter 13 bankruptcy case. During the course of Debtor's Chapter 13 case, Ditech Financial, LLC ("Ditech"), formerly known as Green Tree Servicing, LLC, filed a proof of secured first mortgage claim (Claim 1-2) on June 8, 2018.[1] Debtor objected to the Ditech proof of claim challenging—among other things—Ditech's standing to file the proof of claim.

The Court entered an order denying Debtor's first objection to the mortgage claim ("*First Objection*") on September 28, 2018. Within that order, the Court concluded that Federal National Mortgage Association ("Fannie Mae") was the beneficial interest holder of Debtor's mortgage

---

[1] The claim registry reflects that Ditech filed the proof of claim as Claim 1-1 on April 19, 2018, and then Ditech filed an amended claim as Claim 1-2 on June 8, 2018.

loan, and that Ditech, as Fannie Mae's servicer for the mortgage loan, had the ability to file its proof of claim. In response to the Court's order, Debtor filed a *Motion for New Trial* on October 12, 2018. The Court conducted a hearing on the *Motion for New Trial*. Because U.S. Bank presented evidence that Fannie Mae had transferred Debtor's mortgage loan to U.S. Bank on or about July 25, 2018, the Court asked U.S. Bank's counsel to submit the related pooling and servicing agreement to the Court for *in-camera* review. U.S. Bank complied with the Court's order by submitting to the Court a copy of the pooling and servicing agreement at issue on November 18, 2018. Critically, during the hearing for Debtor's *Motion for New Trial*, Debtor did not enter or submit any credible evidence demonstrating that U.S. Bank was not the proper assignee of his mortgage loan with rights to enforce it. Therefore, pursuant to an order entered on January 15, 2019, the Court denied Debtor's *Motion for New Trial*.

Despite the Court's orders overruling Debtor's objection to the mortgage claim and denying Debtor's *Motion for New Trial*, Debtor has filed a *Second Objection to Mortgage Claim* and a *Motion to Disallow Mortgage Claim* directed towards U.S. Bank. In both the *Second Objection* and *Motion to Disallow Mortgage Claim*, Debtor attempts to re-state arguments that he advanced when he litigated the merits of his first objection to claim with Ditech and later argued in his *Motion for New Trial*. He also endeavors to re-litigate issues previously determined in the Court's September 28, 2018 Order, the Amended Order entered on January 15, 2019 and the Order Denying Motion for New Trial entered on January 15, 2019 Critically, in the *Second Motion*—much like his first motion—Debtor again argues that Ditech lacked standing to file a proof of claim for his mortgage loan. To advance this argument for a second time, Debtor argues that Ditech's failure to appear in a pending state court foreclosure action prevents Ditech from having standing to file the proof of claim for Debtor's mortgage loan.

2

Debtor also re-argues that the statute of limitation and application of 11 U.S.C. § 558 bars collection of amounts due under his mortgage loan. In addition to these contentions, Debtor claims that the counterclaims alleged in his foreclosure action were improperly dismissed by the state court and that the mortgage claim should be denied because he is entitled to a loan modification. The Court previously addressed each of these arguments in great detail in its September 28, 2018 Order and the Amended Order entered on January 15, 2019. The Court addressed them again in the order denying Debtor's *Motion for New Trial*. Because Debtor's repeated arguments have been considered and dismissed by the court several times, the Court finds no basis to reconsider them.

The only new argument that Debtor raises in either the *Second Objection* or *Motion to Disallow* is a fatally flawed attempt to allege a technical violation of 15 U.S.C. § 1641(g) (the "TILA claim"), which is unsupported by the facts of this case.

In the *Second Motion,* Debtor admits that on or about August 17, 2018, he received a copy of the *Notice of Sale of Ownership of Mortgage Loan*. Debtor argues, however, that due to some technical non-compliance with 15 U.S.C. § 1641(g), the Court should disallow the mortgage claim. According to Debtor, the mortgage claim should be disallowed in its entirety because U.S. Bank did not provide *any* information concerning the recording of the transfer of ownership of his mortgage loan. This allegation is inaccurate because the *Notice* expressly pertains to recorded lien transfer information:

> The transfer of the lien associated with your loan is currently recorded, or in the future may be recorded, in the public records of the local County Recorder's office for the county where your property is located. If checked 6 , ownership of your loan may also be recorded on the registry of the Mortgage Electronic Registration System at 1818 Library Street, Suite 300, Reston, VA 20190.

Even if the Court were to consider the idea that the *Notice of Sale of Ownership of Mortgage Loan* was defective in any way, such non-compliance would not give rise to disallowance of U.S. Bank's mortgage claim because Debtor has failed to allege or prove that he

3

relied on any defective disclosure (or lack thereof) to his detriment. *See, e.g., O'Dell v. Deutsche Bank Nat'l Trust Co.*, No. 1:12-cv-985, 2013 WL 2389874, at *9 (E.D. Va. May 30, 2013) (recognizing that a borrower may seek actual damages for a violation of § 1641(g) "so long as the borrower is able to show *detrimental reliance* on the faulty disclosure.") (emphasis added). Nothing in Debtor's *Second Motion* or his argument shows that he detrimentally relied on any disclosures made in the *Notice* that he admits he received. Furthermore, Debtor offered no evidence of his detrimental reliance at the hearing. Nor could he because, to date, Debtor has refused to acknowledge that his mortgage loan was properly transferred to U.S. Bank. Indeed, Debtor has actually litigated from the position that no transfer took place, a position previously overruled by the Court. Further, since Debtor has not paid Ditech or U.S. Bank, but only remitted payments to the Chapter 13 trustee at this juncture of his Chapter 13 case, there can be no showing of detrimental reliance on any disclosures (or lack thereof) in the *Notice of Sale of Ownership of Mortgage Loan*. Accordingly, Debtor's allegation of a violation of 15 U.S.C. § 1641(g) does not provide any basis to disallow the mortgage claim held by U.S. Bank, which this Court has previously allowed in prior orders.

## CONCLUSION

Because Debtor has failed to state any viable legal grounds or present evidence to support disallowance of the subject mortgage proof of claim presently held by U.S. Bank, the Court overrules Debtor's *Second Objection to Mortgage Claim* and denies Debtor's *Motion to Disallow Mortgage Claim*.

**AND IT IS SO ORDERED.**

4

Johnson D. Koola
1587 Cambridge Lakes Drive
Mt Pleasant, SC 29464
(843) 849-9241

FILED
2019 FEB 20 AM 9:46
U.S. BANKRUPTCY
DISTRICT OF SOUTH CAROLINA

February 14, 2019

To
The Clerk of the Court
U.S. Bankruptcy Court in the District of South Carolina
1100 Laurel Street
Columbia SC 29201-2423

Subject:     **Amended Notice of Appeal** and Statement of Election
Reference:   Chapter 13 case No. 18-01373-jw

Dear Clerk of the Court,

   The Chapter 13 Petitioner, Johnson D. Koola, files **Amended Notice of Appeal** and Statement of Election in the case under reference, 18-01373-jw. The following Orders of the Court are appealed:

   i. Final Order, "Order Denying Confirmation", filed on January 30, 2019
   ii. **Final Order,** "Order Dismissing Case", filed on February 13, 2019 replacing the oral Order from January 31, Hearing
   iii. **Final Order,** "Order Overruling Second Objection to Mortgage Loan Proof of Claim and Denying Debtor's Motion to Disallow Claim", replacing the oral Order from January 31, 2019 Hearing,
   iv. Interlocutory Order, "Amended Order" filed on January 15, 2019
   v. Interlocutory Order. "Order on Motion for a New Trial" filed on January 15, 2019

   In the Notice of Appeal filed on February 11, 2019, appellant informed the Court that he would file an **Amended Notice of Appeal** upon filing of the final written Orders affirming the two January 31, 2019 oral Orders. Notice of Intent to Appeal the two January 15, 2019 Interlocutory Orders was filed on January 26, 2019.

   Copies of the two February 13, 2019 final Orders are attached to the Amended Notice of Appeal and Statement of Election.

   Two additional copies of the **Amended Notice of Appeal** and Statement of Election and written Orders are enclosed to enable the Clerk of the Court to serve the same on the counsels of record for appellees.

   I thank you in advance for your kind actions in the matter.

Sincerely,

*[signature]*
Johnson D. Koola